UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**     (IN CHAMBERS)

### ORDER RE PLAINTIFF'S MOTION TO REMAND [16] AND DEFENDANT'S MOTION TO DISMISS [11]

**I.     INTRODUCTION**

Two motions are pending before the Court: (1) Plaintiff Rana Gebran's ("Plaintiff") Motion to Remand, (Dkt. No. 16 (hereinafter, "Remand Motion" or "Remand Mot.")); and, (2) Wells Fargo Bank, N.A.'s ("WFB") Motion to Dismiss Plaintiff's First, Second and Third Claims, (Dkt. No. 11 (hereinafter, "MTD" or "WFB's Motion")). After considering the papers filed in support of and in opposition to the instant motions, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Plaintiff's Remand Motion and **DENIES as moot** WFB's Motion.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

**A.     Factual Background**

This action arises under the California Fair Employment and Housing Act ("FEHA"). Beginning in 2007, Plaintiff was employed as a financial specialist for Wachovia, a financial institution. (Dkt. No. 1-1 (hereinafter, "Compl." or "Complaint") ¶ 6.) Plaintiff alleges that Defendant Wells Fargo & Company ("WFC") acquired and/or merged with Wachovia in or about 2008, whereupon Plaintiff allegedly became employed by WFC as a registered personal banker. (*Id.* ¶ 7.) Plaintiff claims that she

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

was promoted several times and ultimately managed larger branches as a branch manager. (*Id.* ¶ 8.)

Thereafter, Plaintiff fell ill, and in July 2014 her psychiatrist advised her to take medical leave from work. (Compl. ¶ 9.) Plaintiff allegedly notified Defendant of her medical disability and intended medical leave; she claims that she made efforts to give timely notice to Defendant of her ongoing disability and her need for continued medical leave. (*Id.* ¶ 10.) On or about March 24, 2015, Plaintiff's physician cleared her to return to work effective June 1, 2015, and allegedly informed Defendant of Plaintiff's clearance to return to work. (*Id.* ¶ 12.)

Plaintiff maintains that during or about April 2015,[1] Defendant notified her that she was terminated for failure to provide updated documentation of her medical status. (Compl. ¶ 13.) Plaintiff disputed the termination and requested that the human resources department reverse the termination decision. (*Id.*) On May 20, 2015, Plaintiff allegedly called Defendant to inquire about her employment status; the human resources representative promised to update Plaintiff on May 22, 2015 regarding the matter, but allegedly failed to do so. (*Id.* ¶ 14.) In light thereof, Plaintiff emailed Defendant on May 26, 2015 and June 1, 2015, but again received no response regarding her employment status. (*Id.*)

On June 2, 2015, Defendant's human resources representative allegedly contacted Plaintiff and promised to provide a due diligence list that underlay her termination. (Compl. ¶ 15.) But Plaintiff attests that she did not receive this documentation. (*Id.*) Then, on June 27, 2015, Plaintiff received a letter from Defendant, which indicated that Defendant had sent Plaintiff a letter on March 2, 2015, informing her that her time away from work was considered an unapproved leave of absence because Plaintiff had failed to provide updated documentation of her medical status. (*Id.* ¶ 16.) Plaintiff avers, however, that she did not receive the March 2, 2015 letter. (*Id.* ¶ 17.) Finally, on January 13, 2016, Plaintiff filed a complaint of discrimination with the California Department of

---

[1] In the Complaint, Plaintiff claims that she was terminated "during or about *April 2016*." (Compl. ¶ 13 (emphasis added).) Based on the other alleged dates in Plaintiff's Complaint, the Court presumes that Plaintiff intended to claim that she was terminated during or about April 2015.

Case 2:16-cv-07616-BRO-MRW Document 20 Filed 12/28/16 Page 3 of 18 Page ID #:256

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

Fair Employment and Housing ("DFEH"). (*Id.* ¶ 18.) In response, the DFEH issued to Plaintiff a "Right to Sue Notice." (*Id.*)

### B. Procedural Background

Plaintiff filed her original action in the Superior Court for the State of California, County of Los Angeles ("Los Angeles Superior Court") against WFC on August 4, 2016, alleging four claims: (1) employment discrimination on the basis of disability, in violation of Cal. Gov't Code § 12940(a); (2) failure to engage in good faith interactive process, in violation of Cal. Gov't Code § 12940(n); (3) failure to make reasonable accommodations for a known disability, in violation of Cal. Gov't Code § 12940(m); and, (4) wrongful termination, in violation of Cal. Labor Code § 1102.5. (*See* Compl.) On September 13, 2016, Plaintiff served the summons and Complaint on Defendant WFC. (*See* Dkt. No. 1 ("Removal") ¶ 6.) On September 23, 2016, Plaintiff filed the Proof of Service of Summons in Los Angeles Superior Court. (Removal ¶ 4.) Then, on October 13, 2016, WFB removed the action from Los Angeles Superior Court to this District.[2] (*See generally* Removal.) WFC joined in the Removal. (Removal at 1, n.1.)

On October 20, 2016, WFB filed the instant Motion to Dismiss. (*See* MTD.) Concurrent with the MTD, WFB filed a request for judicial notice. (Dkt. No. 12 ("RJN").) On October 31, 2016, Plaintiff opposed WFB's Motion to Dismiss. (Dkt. No. 14 ("MTD Opp'n").) WFB replied in support of its Motion to Dismiss on November 7, 2016. (Dkt. No. 15 ("MTD Reply").) On November 11, 2016, the Court, on its own motion, continued the hearing on the Motion to Dismiss to December 12, 2016. (*See* Dkt. No. 17.)

On November 9, 2016, Plaintiff filed the instant Remand Motion. (Remand Mot.) WFB opposed the Remand Motion on November 21, 2016. (Dkt. No. 18 ("Remand Opp'n").)

---

[2] In its Notice of Removal, WFB responded as "Wells Fargo Bank, N.A., *erroneously sued as Wells Fargo & Company*." (*See* Removal (emphasis in original).)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

## III.  LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Pursuant to § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states.  28 U.S.C. § 1332(a)(1).  The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

28 U.S.C. § 1441(a) provides that a civil action may be removed to the district court only if the district court has original jurisdiction over the issues alleged in the state court complaint.  In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*  The removing party therefore bears a heavy burden to rebut the presumption against removal.  *See id.*

## IV.  DISCUSSION

### A.  Plaintiff's Motion to Remand

Plaintiff seeks to have the instant case remanded to the Los Angeles Superior Court on the basis that this Court lacks subject matter jurisdiction because the diversity of citizenship requirement is not met.  (*See* Remand Motion at 4.)  WFB counters that WFC's citizenship is irrelevant for diversity purposes because: (1) WFB was Plaintiff's employer; (2) WFC was not Plaintiff's joint employer; and, (3) WFC should be disregarded as a sham defendant.  As a threshold matter, the Court considers whether WFB, a non-party, may remove the action between Plaintiff and WFC to federal court.  Thereafter, the Court addresses why remand is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

### 1. WFB, A Real Party Defendant In Interest, Was Empowered To File For Removal Of This Action

Plaintiff argues that "[WFC] has attempted to 'create' diversity of citizenship by referring to itself in its Notice of Removal and other pleadings as 'Wells Fargo Bank, N.A., *erroneously sued as Wells Fargo & Company*." (Remand Motion at 5.) However, this argument fails to accurately capture WFB's action. Rather than merely referring to itself under a different name, WFB, a business entity separate from WFC, has removed the action to federal court. At this time, WFB has not formally intervened in the instant action and thus is not a named defendant to the action. Nor does WFB provide any evidence that it has authority to assert itself and respond on behalf of its parent entity, WFC. The corporate form is disregarded only when the ends of justice require this result. *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 922 (N.D. Cal. 2015). The ends of justice do not require such disregard here; absent formal intervention, WFB must have a real interest in the action in order to properly remove the action. *See La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96 (2d Cir. 2014) (affirming that a real party defendant in interest was entitled to remove the state court suit even though it had not entered an appearance in state court and had not been served, as neither is a prerequisite to removal).

In its Removal, WFB argues that it is the proper defendant in this action because "[WFC]'s only connection to this case is that it is the parent company of Plaintiff's employer, [WFB]." (Removal ¶ 9.) WFB contends that "Plaintiff erroneously sued the wrong entity, Wells Fargo & Company." For purposes of removal, federal law determines who is a plaintiff and who is a defendant. *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954). It is a question of the construction of the federal removal statute, and not the state statute. *Id.* Under federal law,[3] "the concept of a 'real party defendant in interest' is not only entirely valid, it is an important aspect of removal

---

[3] "The forum state's procedural statute or rule defining the real party in interest concept is not applicable, however, because it only governs who may sue in the state courts; under Rule 17(a), the federal courts are concerned only with that portion of state law from which the specific right being sued upon stems." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1091 (9th Cir. 2004) (citing *K–B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1153 (10th Cir. 1985)).

Case 2:16-cv-07616-BRO-MRW Document 20 Filed 12/28/16 Page 6 of 18 Page ID #:259

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

jurisprudence, despite the absence of the phrase from Rule 17 or elsewhere in the Federal Rules of Civil Procedure." *La Russo*, 747 F.3d at 97.

An unnamed "real party defendant in interest" may have the authority to remove a state court action to federal court. *La Russo*, 747 F3d at 96 (holding that real party defendant in interest's removal was proper where plaintiff improperly sued a nonexistent legal entity); *Hillberry v. Wal-Mart Stores E., L.P.*, No. CIV.A.3:05CV-63-H, 2005 WL 1862087, at *1 (W.D. Ky. Aug. 3, 2005) ("if the proper defendant company is on notice that the wrong company defendant has been named [the proper defendant company] has a duty to remove nonetheless"). A real party in interest defendant is not only entitled to remove, but, if it seeks removal, it must act promptly because the 30–day interval in which it is permitted to do so, *see* 28 U.S.C. § 1446(b) (2013), begins when it is on notice that the wrong company defendant has been named. *See La Russo*, 747 F.3d at 96–97; *Ware v. Wyndham Worldwide Inc.*, Civ. No. 09–6420, 2010 WL 2545168, at *2 (D.N.J. June 18, 2010) (30–day interval started when real party in interest defendant accepted service of complaint, although complaint named non-existent entity).

Under federal law, a "real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined." *Sun Oil Co. of Pa. v. Pa. Dept. of Labor & Indus.*, 365 F. Supp. 1403, 1406 (E.D. Pa. 1973); *see also Eichmann v. Hunter Auto. Mach., Inc.*, 167 F. Supp. 2d 1070, 1072 (E.D. Wis. 2001). In contrast to a real party in interest, "a formal or nominal party is one who, in a genuine legal sense, has no interest in the result of the suit," *Grant Cty. Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952); *Bedell v. H.R.C. Ltd.*, 522 F. Supp. 732, 736 (E.D. Ky. 1981), or no actual interest or control over the subject matter of the litigation, *Stonybrook Tenants Ass'n, Inc. v. Alpert*, 194 F. Supp. 552, 556 (D. Conn. 1961).

In her initial Complaint, Plaintiff did not name WFB as a defendant.[4] (*See generally* Compl.) As of the date of this Order, Plaintiff has not joined Wells Fargo

---

[4] In the Ninth Circuit, "the question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983). Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Id.* at 303–04. *Accord Tyrolf v. Veterans Admin.*, 82 F.R.D. 372, 374–75 (E.D. La. 1979).

Case 2:16-cv-07616-BRO-MRW Document 20 Filed 12/28/16 Page 7 of 18 Page ID #:260

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

Bank, N.A. as a defendant to the action. But WFB has expressed its interest in Plaintiff's action and Plaintiff has been aware of WFB's interest in the instant action since October 12, 2016. (Remand Mot. at 3.) WFB claims to be the proper defendant here because WFB employed Plaintiff from 2009 to 2015. (Removal ¶ 9.) WFB's absence would impair WFB from protecting its interest in the employment dispute at hand: If WFB indeed was Plaintiff's employer during the time period upon which Plaintiff bases her claims, then WFB may owe a "duty sought to be enforced or enjoined" to Plaintiff. Thus, based on the evidence provided by WFB, the Court finds that under federal law, WFB is a real party in interest defendant.[5]

Consequently, in light of the abovementioned precedent, WFB had an obligation to remove the action in its *own* name after notice of the lawsuit faced with the risk of losing the right to remove. *See La Russo*, 747 F.3d at 96–97 ("A real party defendant in interest is not only entitled to remove, but, if it seeks removal, it must act promptly because the 30–day interval in which it is permitted to do so, *see* 28 U.S.C. § 1446(b) (2013), begins when it is on notice that the wrong company defendant has been named.") (internal citations omitted). Plaintiff served the summons and complaint on WFC on September 13, 2016, at which time WFB claims to also have received notice of the action. (Removal ¶¶ 1–4.) Thus, any removal must have been filed 30 days from September 13, 2016, the day on which WFB received notice that Plaintiff had sued WFC. WFB timely removed the action from Los Angeles Superior Court to this District on October 13, 2016. (*See* Removal.) And WFC "join[ed] [WFB's] removal of this action[6] despite

---

[5] The Court's finding that WFB has a real interest in the instant action (allowing WFB to remove the action so long as other defendants joined) should not be read to mean that WFB is the only party with an interest in defending the action.

The Court also notes that Plaintiff does not appear to dispute that WFB has a real interest in defending the action. (*See* Remand Mot. at 5 ("Plaintiff will amend her Complaint to pursue [WFB] as a joint employer.").)

[6] In the Ninth Circuit, proper removal requires only that at least one attorney of record sign the notice and certify that the remaining defendants consent to removal. *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("[T]he filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.").

Case 2:16-cv-07616-BRO-MRW Document 20 Filed 12/28/16 Page 8 of 18 Page ID #:261

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

being improperly named as a defendant." (Removal at 1.) Thus, procedurally, WFB's removal was proper.

### 2. WFB Fails To Establish That Plaintiff Fraudulently Joined WFC

WFB avers that remand is inappropriate because Plaintiff fraudulently joined WFC as a defendant, such that WFC's citizenship should not be considered for purposes of removal jurisdiction. (Remand Opp'n at 4.) "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (internal quotation marks omitted). But because Plaintiff may be able to state a plausible claim under FEHA against WFC, WFB has failed to establish that WFC's citizenship should be disregarded for purposes of removal jurisdiction.

#### a. The Existence Of Substantive Defenses Fails To Demonstrate Fraudulent Joinder

In support of its removal, the removing defendant may submit facts showing that a resident defendant had "no real connection with the controversy." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318–19 (9th Cir. 1998) (citing Wilson, 257 U.S. at 97). Nonetheless, a court must still look to whether the plaintiff truly had a cause of action against the alleged sham defendants, rather than inquire whether those defendants could propound defenses to an otherwise valid cause of action; there is a distinction between those two concepts.[7] *See Ritchey*, 139 F.3d at 1318–19.

The Supreme Court touched on the distinction in *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 153 (1914), when it declared that the assertion made by a

---

[7] *Martinez v. El Paso Corp.*, No. EP-11-CV-143-KC, 2011 WL 3606813 (W.D. Tex. Aug. 16, 2011), provides a good illustration of the distinction between the two concepts. In that case, a non-party, EPNG, that believed a plaintiff had mistakenly named a different corporation as defendant in a suit, removed an action to federal court and defended the suit. The non-party argued that removal jurisdiction was proper because it was diverse from Plaintiff. Plaintiff, however, argued that removal was improper because the named defendant, EPC, was not fraudulently joined. *Id.* The district court

Case 2:16-cv-07616-BRO-MRW Document 20 Filed 12/28/16 Page 9 of 18 Page ID #:262

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

removing defendant "went to the merits of the action as an entirety, and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all the defendants." Similarly, in *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 218–19 (1906), the Court refused to find fraudulent joinder where a misjoinder of parties was claimed by the defendant that was trying to remove the action. The Court commented that, ultimately, the state court might decide the joinder was not proper. In fact, if it had jurisdiction the Court might have done so itself. "But," it said, "this does not change the character of the action which the plaintiff has seen fit to bring . . . ." *Id.*

Here, WFB contends that Plaintiff mistakenly sued WFC, when Plaintiff should have sued WFB, Plaintiff's actual employer. (Remand Opp'n at 1.) And because Plaintiff persists in her suit against WFC, WFB claims that Plaintiff has "converted [WFC] from an *erroneously* sued defendant to a sham defendant." (*Id.* (emphasis in original).)

A court in this district has previously considered a similar issue. In *Rider v. Sears Roebuck & Co.*, the court evaluated whether a mistakenly named defendant was fraudulently joined for purposes of removal jurisdiction. *See Rider v. Sears Roebuck & Co.*, No. CV 11-2700 GAF FMOX, 2011 WL 2222171, at *4 (C.D. Cal. June 7, 2011). Absent binding Ninth Circuit precedent, the *Rider* court considered precedent from other jurisdictions. In particular, the *Rider* court considered two Florida district court cases, *Shenkar v. Money Warehouse, Inc.*, and *Destefano v. Home Shopping Network, Inc.*, which both held that a defendant is not "fraudulently joined" where the plaintiff had allegedly named the wrong party as defendant. *See Shenkar v. Money Warehouse, Inc.*, No. 07–20634, 2007 WL 3023531, at *2 (S.D. Fla. Oct.15, 2007) ("The fact that a plaintiff may have mistakenly sued the wrong party is a substantive defense to the merits of the claim, not an issue that bears on the existence of diversity jurisdiction.");

---

found that even assuming "EPNG was correct that Plaintiff has no possibility of recovering against EPC, that impossibility does not create a situation of fraudulent joinder. It just means Plaintiff's case will not succeed." *Martinez*, 2011 WL 3606813, at *2 (citing *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc) (holding that where an allegation of fraudulent joinder is based on an argument of impossibility of recovery against the non-diverse defendants, but that argument would also serve to defeat a plaintiff's claims against the diverse defendants, there is no fraudulent joinder)).

Case 2:16-cv-07616-BRO-MRW Document 20 Filed 12/28/16 Page 10 of 18 Page ID #:263

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

*Destefano v. Home Shopping Network, Inc.*, No. 805CV1299T23MSS, 2006 WL 539542, at *2 (M.D. Fla. Mar. 6, 2006) ("[T]hat the plaintiff may have mistakenly sued the wrong party is a substantive defense to the merits of the plaintiff's claim and otherwise fails to inform whether diversity jurisdiction exists between the named parties to the action.").[8]

In *Shenkar* and *Destefano*, the respective plaintiffs had not admitted that they had sued the wrong party or could not recover against the respective named defendants. The *Rider* court explained that a "plaintiff's testimony that shows that she could not recover from the non-diverse defendant triggers removability under the fraudulent joinder doctrine." *Rider*, 2011 WL 2222171, at *5. Unlike the plaintiffs in *Shenkar* and *Destefano*, Ms. Rider had "admitted that [the named defendant] had done nothing wrong and that she knew of no reason to bring a claim against [the named defendant]. This admission established that [the named defendant] had been fraudulently joined in the innocent sense of the term." *Rider*, 2011 WL 2222171, at *4. As a result, the court found the *Shenkar* and *Destefano* precedents distinguishable and unpersuasive. *See Rider*, 2011 WL 2222171, at *5.

Instead, the *Rider* court followed *Delaney v. Viking Freight, Inc. See Rider*, 2011 WL 2222171, at *5. In *Delaney v. Viking Freight, Inc.*, a Texas district court held that a case became removable on fraudulent joinder grounds, because the plaintiff testified at a deposition that he had never been employed by the non-diverse defendant, testimony that "was tantamount to an admission that Plaintiffs had named the wrong party and could not recover from [the non-diverse defendant]." *Delaney v. Viking Freight, Inc.*, 41 F. Supp. 2d 672, 677 (E.D. Tex. 1999).

In the instant case, this Court is similarly confronted with an allegation that the Plaintiff has mistakenly sued the wrong party. (*See* Removal ¶ 9; Remand Opp'n at 1.) But unlike the plaintiffs in *Rider* and *Delaney* (and like the plaintiffs in *Shenkar* and *Destefano*), Gebran has not admitted that she has no claim against WFC. WFB offers no evidence of such an admission by Plaintiff. To the contrary, Plaintiff asserts that she has viable claims against both WFC and WFB on a joint-employer theory. (Remand Mot. at 3–4.) Absent evidence of an admission by Plaintiff that she has sued WFC in error, or otherwise has no claim against WFC, WFB's argument that Plaintiff sued WFC in error

---

[8] *See also Smallwood*, 385 F.3d at 574–75 ("[A] meritless claim against an in-state defendant is not the equivalent of improper joinder.")

Case 2:16-cv-07616-BRO-MRW   Document 20   Filed 12/28/16   Page 11 of 18   Page ID #:264

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

fails to trigger removability under fraudulent joinder doctrine. Rather, WFB's contention that Plaintiff sued WFC in error represents a substantive defense, which WFC itself may raise.

### b. WFB Fails To Show That Plaintiff Cannot Possibly State A Cause Of Action Against Defendant Wells Fargo & Company

Under conventional fraudulent joinder doctrine, WFB also fails to establish that Plaintiff fraudulently joined WFC; WFB fails to show that Plaintiff cannot possibly state a claim against WFC under settled California law. "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Ritchey*, 139 F.3d at 1318; *McCabe*, 811 F.2d at 1339. "Where fraudulent joinder is an issue, we will go somewhat further. 'The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.'" *Ritchey*, 139 F.3d at 1318 (quoting *McCabe*, 811 F.2d at 1339).

WFB properly relies on *McCabe* in framing its argument that WFC is a sham defendant. District courts in the Ninth Circuit have interpreted *McCabe*'s requirement of "obvious[ness] under settled state law" as setting a very high mark for a finding of fraudulent joinder. *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) ("it must appear to "a near certainty" that joinder was fraudulent. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal.1979), *aff'd,* 710 F.2d 549 (9th Cir.1983). This occurs if the plaintiff has *no actual intention to prosecute* an action against those particular resident defendants." (citation omitted)).

"[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Rather, "[f]or a defendant to succeed on this argument, the defendant must convince the court that after resolving 'all disputed questions of fact and all ambiguities in the controlling state law ... in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.'" *Warner v. Select Portfolio*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

*Servicing*, No. SACV160753AGRAOX, 2016 WL 4492828, at *2 (C.D. Cal. June 24, 2016) (quoting *Padilla*, 697 F. Supp. 2d at 1158.

"The defendant must also show that there is *no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant*." *Padilla*, 697 F. Supp. 2d at 1159 (emphasis added) (internal quotation marks omitted); *see also Hattox v. State Farm Mut. Auto. Ins. Co.*, No. 12CV2597-AJB KSC, 2013 WL 314953, at *4 (S.D. Cal. Jan. 25, 2013) (citing *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000); *Hunter v. Phillip Morris*, 582 F.3d 1039, 1044–46 (9th Cir. 2009)) ("[A finding of fraudulent joinder] requires the court to find that 'there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court.'").

"[A] defendant must essentially show that the plaintiff cannot assert a claim against the non-diverse party *as a matter of law*." *Amarant v. Home Depot U.S.A., Inc.*, No. 1:13-CV-00245-LJO-SK, 2013 WL 3146809, at *4 (E.D. Cal. June 18, 2013) (emphasis added) (citation omitted). In other words, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011) (alterations and internal quotation marks omitted). If there is a possibility that the plaintiff could amend his pleading to state a cause of action against the allegedly sham defendant, then remand is warranted. *See Padilla*, 697 F. Supp. 2d at 1159.

WFB has offered evidence that it was Plaintiff's employer from 2009 to 2015 and that WFC is a holding company that owns shares of WFB. (Remand Opp'n at 2.) WFB also argues that Plaintiff has provided no basis for this Court not to follow "similar cases that have concluded the proper employer and defendant in lawsuits such as this arising out of employment at Wells Fargo retail banks is Wells Fargo Bank, N.A., and not Wells Fargo & Company." (Remand Opp'n at 2 (citing *Vasquez*, 77 F. Supp. 3d at 923).) Plaintiff claims that she "has a good faith belief that under California law there is a viable claim against both [WFB] and [WFC] as Plaintiff's joint employers." (Remand Mot. at 3–4.) As discussed below, under settled California law, it is not obvious that Plaintiff cannot possibly state a claim against WFC on a joint employer theory.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

### i. Plaintiff Alleges Facts Indicating Exhaustion Of Administrative Remedies With Respect To WFC

FEHA prohibits workplace harassment on various bases, including race, age, disability, and medical condition. Cal. Gov't Code § 12940(j)(1). However, pursuant to FEHA, before filing a lawsuit, employees must exhaust administrative remedies by filing a complaint with California's DFEH. *See Wills v. Superior Court*, 195 Cal. App. 4th 143, 153 (Cal. Ct. App. 2011) ("Before filing a civil action alleging FEHA violations, an employee must exhaust his or her administrative remedies with DFEH."); *accord Ortiz v. Sodexho, Inc.*, No. 10–CV–2224 JLS RBB, 2011 WL 3204842, at *3 (S.D. Cal. July 26, 2011).

Here, Plaintiff has alleged facts that she has exhausted her administrative remedies with respect to WFC. In her Complaint, Plaintiff states that she has "complied with all administrative remedies in that on January 13, 2016, she filed a Complaint of Discrimination with the [DFEH] which on January 13, 2016 issued [Plaintiff] an immediate "Right to Sue Notice" authorizing her to bring this civil action . . . ." (Compl. ¶ 18.) Plaintiff's statement regarding administrative exhaustion with regard to WFC supports her position that she may state a claim against WFC.

### ii. WFB Fails To Demonstrate That Plaintiff Cannot Possibly State A Claim Against WFC On A Joint Employer Theory

Even assuming that Plaintiff's operative Complaint currently fails to adequately allege that WFC is Plaintiff's joint employer, WFB has not met its burden of establishing that Plaintiff is incapable of amending her Complaint to state a valid claim against WFC on a joint-employer theory under the *integrated enterprise test*.[9]

---

[9] This test requires an employee to establish that the parent entity exercised day-to-day control over the subsidiary's employment decisions to a degree that exceeds the control normally exercised by a parent corporation, including decisions regarding hiring, firing, and rate of pay. *See Laird*, 68 Cal. App. 4th at 737; *Vernon*, 116 Cal. App. 4th at 126.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

Under California law, a plaintiff may assert claims for unpaid wages only against their employer.[10] *Vasquez*, 77 F. Supp. 3d at 922–23 (citing *Futrell v. Payday Ca., Inc.*, 190 Cal. App. 4th 1419, 1423 (2010)). Although under some circumstances two corporations may be treated as a single employer, there is a strong presumption against holding a parent corporation liable for the acts or omissions of the subsidiary on the theory that the two corporate entities constitute a single employer. *Id.* (citing *Laird v. Capital Cities/ABC*, 68 Cal. App. 4th 727, 737 (1998)). This presumption is based on the principle that corporate entities have separate existences. *Id.* Consequently, the corporate form is disregarded only when the ends of justice require this result. *Id.* (citations omitted).

In determining whether a defendant is a joint employer for the purposes of FEHA, California courts consider the "'totality of circumstances' that reflect upon the nature of the work relationship of the parties." *Kasperzyk v. Shetler Sec. Servs., Inc.*, No. C-13-3358 EMC, 2014 WL 1760040, at *6 (N.D. Cal. May 2, 2014) (citing *Vernon v. State*, 116 Cal. App. 4th 114, 124 (2004)). The key factor to consider in analyzing whether an entity is an employer is "the right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 682 (9th Cir. 2009) (citing *Serv. Emps. Int'l Union v. Cty. of L.A.*, 225 Cal. App. 3d 761 (1990) (internal quotations and citation omitted)). "A finding of the right to control employment requires . . . a comprehensive and immediate level of 'day-to-day' authority over employment decisions." *Id.* (citing *Vernon*, 116 Cal. App. 4th at 114.

WFB argues that "Plaintiff cannot establish [WFC] was her joint employer because there is no evidence that [WFC] exercised day-to-day control over [WFB]'s employment decisions to a degree that exceeds the control normally exercised by a parent corporation." (Remand Opp'n at 4.) WFB further contends that, "the terms and conditions of Plaintiff's employment was [sic], like that of all Wells Fargo retail bank employees, exclusively controlled by Wells Fargo Bank." (*Id.*) Here, even assuming that

---

[10] An employer is defined as one who: (1) exercises control over the wages, hours and working conditions of an employee; (2) suffers or permits an employee to work; or (3) engages an employee, thereby creating a common law employment relationship. *Vasquez*, 77 F. Supp. 3d at 922–23 (citing *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

Plaintiff's operative Complaint currently fails to adequately allege that WFC is Plaintiff's joint employer, WFB has not met its burden of establishing that Plaintiff is incapable of amending her Complaint to state a valid claim against WFC on a joint-employer theory.

First, Plaintiff's failure to allege facts or offer evidence to show that WFC is her joint employer, does not conclusively show that Plaintiff could not possibly state a claim against WFC based on a theory of joint-employer status.[11]  Second, even assuming the terms and conditions of Plaintiff's employment were contractually controlled by WFB,[12] this does not mean that it is impossible for WFC to exercise control over Plaintiff's employment at WFB's *in practice*.[13]

Finally, WFB fails to demonstrate that Plaintiff has failed to exhaust her administrative remedies against WFC under FEHA, such that Plaintiff would be barred

---

[11] WFB argues that "Plaintiff has failed to offer any factual or legal basis to support her joint employer theory."  (Remand Opp'n at 1.)  In *Amarant*, 2013 WL 3146809, at *10, the court explained that:

> [E]ven successfully dismissing a claim against a purported fraudulent defendant on summary judgment does not necessarily equate to a finding that there is no possibility that the plaintiff could have established a claim. Here, there is no state court decision assessing the sufficiency of the evidence, and . . . there remains both a possibility that Plaintiff's harassment claim as to Teruya is sufficient to survive summary judgment, and that further evidence could strengthen Plaintiff's claim on the merits.

The *Amarant* court noted that "[it was] not reasoning that a plaintiff could resist removal where *absolutely no factual allegations* were stated to support a claim against a purported sham defendant . . . ."  *Id.* (emphasis added).
In the instant case, Plaintiff has affirmatively made factual allegations that support a claim against WFC, such as the allegation of exhaustion of administrative remedies.  (Compl. ¶ 18.)

[12] WFB offers the Declaration of Cathy Tautkus in support of its position.  Tautkus declares that "Ms. Gebran's employment records [do not] show that Wells Fargo & Company played a controlling role in her employment with Wells Fargo Bank, N.A."  Tautkus further states that "Wells Fargo & Company does not exercise control over the terms of our employment, as [Tautkus] and all Wells Fargo retail bank employees are employed solely by Wells Fargo Bank, N.A."  (*See* Dkt. No. 18-1, Tautkus Decl. ¶ 4.)

[13] Although California courts have expressed that the "*right* to control" is central to whether an entity maybe considered an employer (or joint-employer), courts have interpreted such a right to be demonstrable not only by formal agreements showing actual authority to control, but also through

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

from stating a claim against WFC on that basis. To the contrary, as explained above, Plaintiff appears to have exhausted her administrative remedies with regard to WFC and secured a Right to Sue Notice. (Compl. ¶ 18.) Therefore, under settled California law, it is not obvious that Plaintiff's claim against WFC must fail.

Thus, Plaintiff may still be able to amend her Complaint and offer evidence that WFC qualifies as a joint employer under the *integrated enterprise test*. Accordingly, the Court declines to find that Plaintiff fraudulently joined WFC.

### 3. This Court Lacks Subject Matter Jurisdiction

Removal was improper (and remand is appropriate) because this Court lacks subject matter jurisdiction over this action. Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000[14], exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar*, 519 U.S. at 67–68.

The diversity of citizenship requirement is not met because Plaintiff is not completely diverse from both WFC and WFB. In the Ninth Circuit, if a court finds that parties were fraudulently joined, the court may ignore the citizenship of the parties joined in state court and retain jurisdiction over the removed action. *See Ritchey*, 139 F.3d at 1320; *see also Navarro Sav. Ass'n v. Lee*, 446 US 458, 460–61 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *Chinn v. Am. Airlines, Inc.*, 843 F.2d 501 (9th Cir. 1988) (quoting *Wilsey v. Eddingfield*, 780 F.2d 614, 615 (7th Cir. 1985)) ("The focus of the jurisdictional inquiry is on the real party in interest; 'the citizenship of the real party

---

practical acts of control that indicate apparent authority to control. *See Vernon*, 116 Cal. App. 4th at 127 (considering whether defendant had apparent authority to control plaintiff in deciding whether defendant was plaintiff's joint employer).

[14] The Court need not address whether the amount in controversy exceeds $75,000 because the requirement of complete diversity is not met, as explained below.

Case 2:16-cv-07616-BRO-MRW   Document 20   Filed 12/28/16   Page 17 of 18   Page ID #:270

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

in interest is determinative in deciding whether the district court has diversity jurisdiction.'"); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).

WFB argues that this Court should disregard the citizenship of WFC for purposes of determining whether the Court has removal jurisdiction over Plaintiff's action. As explained above, the Court finds WFB has failed to establish that WFC was joined as a sham defendant. Because WFB failed to establish that WFC is a nominal or formal party, WFC's citizenship may not be disregarded for purposes of diversity of citizenship in this case. Accordingly, the Court considers both WFB and WFC's citizenship for removal jurisdiction purposes.

A party is a citizen of the state in which they are domiciled. *Gilbert v. David*, 235 U.S. 561, 569 (1915). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "For diversity jurisdiction purposes, . . . Congress has discretely provided that national banks 'shall . . . be deemed citizens of the States in which they are respectively located.'" *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (quoting 28 U.S.C. § 1348). For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). When determining a corporation's principal place of business for purposes of diversity jurisdiction, courts refer to the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). A corporation's principal place of business is where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination." *Id.*

The Court finds that: (1) WFB is a citizen of South Dakota, the state in which its main office is located, (*see* Removal ¶ 10); (2) WFC is a citizen of Delaware and California, the states in which WFC is incorporated and maintains its and principal place of business, respectively, (Compl. ¶ 3); and, (3) Plaintiff is domiciled in California, the state in which Plaintiff worked for years and continues to reside, and thus, has maintained her domicile, (Compl. ¶ 3; Removal ¶ 8). Because both Plaintiff and WFC are citizens of California, the Court finds that the diversity of citizenship requirement for removal

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-07616 BRO (MRWx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | RANA GEBRAN V. WELLS FARGO BANK, N.A. | | |

jurisdiction is not met.  Thus, this Court does not have subject matter jurisdiction over Plaintiff's action and remand is appropriate.

**CONCLUSION**

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion to Remand and **DENIES as moot** WFB's Motion to Dismiss.

**IT IS SO ORDERED.**                                                                 :

|  | Initials of Preparer | rf |
|---|---|---|